**No. 41044.**—Petition 5747-R of Raleigh T. Barger (Tampa).

Opinion by McClelland, P. J. It appeared that the okra was entered at $1 per crate and advanced by the appraiser to $1.70. From the evidence it was found that the value returned by the appraiser was in error and that there was no intention to defraud the Government. The petition was therefore granted.

## Before the First Division, April 13, 1939

**No. 41045.**—Protests 778460-G, etc., of Ignaz Strauss & Co., Inc. (New York).

Opinion by McClelland, P. J. It was stipulated that the merchandise consists of bridge table paper weights chiefly used on the table or in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) cited.

**No. 41046.**—Protest 964746-G of Moscahlades Bros., Inc. (New York).

Opinion by Brown, J. It appeared that the merchandise is salmon roe contained in wood barrels corked to make them air tight. On the authority of *Moscahlades* v. *United States* (T. D. 49417) the claim at 30 percent under paragraph 721 (d) was sustained.

**No. 41047.**—Protest 970176-G of Eugene Dietzgen Co. (New York).

Opinion by Brown, J. It was stipulated that the merchandise in question is the same as the sensitizing preparations for photoprint paper passed upon in *Ozalid* v. *United States* (T. D. 48969), and the claim at 7 cents per pound and 40 percent ad valorem under paragraph 27(a)(3) was sustained.

## Before the Second Division, April 13, 1939

**No. 41048.**—Protests 407425-G, etc., of Trusogram Corp. (New York).

Opinion by Tilson, J. The record showed that certain items consist of articles in chief value of cellulose filaments similar to those involved in Abstract 37230. The claim at 60 percent under paragraph 31 was therefore sustained.